## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>DONALD F. SURPRISE, JR.,<br><br>    Debtor | Chapter 7<br>Case No. 09-31448-HJB |
| DAVID W. OSTRANDER,<br>    CHAPTER 7 TRUSTEE,<br><br>    Plaintiff<br><br>v.<br><br>JUDITH M. SURPRISE<br><br>    Defendant | Adversary Proceeding<br>No. 09-3056 |
| JUDITH M. SURPRISE<br><br>    Third Party Plaintiff<br><br>v.<br><br>MORRISON ROUSSEAU, LLP and<br>HOLLY H. HINES<br><br>    Third Party Defendants | |

**MEMORANDUM OF DECISION**

Before the Court is a Motion to Dismiss a Third Party Complaint (the "Motion to Dismiss") filed by Holly Hines and Morrison Rousseau, LLP ("Attorney Hines" and "Morrison Rousseau;" together the "Third Party Defendants") for failure to state a claim upon which relief can be granted. Because this Court concludes that it does not have subject matter jurisdiction over the Third Party Complaint, this Court must dismiss the Third Party Complaint *sua sponte* before reaching any of the legal issues raised in the Motion to Dismiss.

I.    FACTS AND TRAVEL OF THE CASE

Judith and Donald Surprise ("Judith" and "Donald;" together the "Surprises") are spouses residing at 120 Wheeler Avenue in Springfield, Massachusetts (the "Property"). The Property was jointly owned by the Surprises until 2006. At that time, the Surprises separated. In contemplation of divorce, they orally agreed that Donald would transfer his interest in the Property to Judith in exchange for Judith's waiver of her interest in his employment retirement plan. On August 15, 2006, Donald executed a quitclaim deed transferring all of his right, title, and interest in the Property to Judith for consideration of $10.00 (the "2006 Transfer"). The deed was duly recorded in the Massachusetts Hampden County Registry of Deeds. Three months later, Judith executed a spousal consent for the distribution of Donald's retirement benefits, which moneys were distributed to Donald shortly thereafter. However, in 2007, the Surprises reconciled and ultimately never sought

any relief from the Massachusetts Probate and Family Court nor privately divided their other assets.

On August 17, 2009, Donald, represented by Attorney Hines with the firm of Morrison Rousseau, filed a case in this Court under Chapter 7 of the Bankruptcy Code. Judith did not join in that bankruptcy filing. The case proceeded in a fairly routine manner until David W. Ostrander, the Chapter 7 trustee (the "Trustee"), filed the instant adversary proceeding. In his Second Amended Complaint (the "Amended Complaint"), the Trustee seeks to avoid the 2006 Transfer from Donald to Judith or recover its value. The Trustee maintains that the 2006 Transfer constituted a fraudulent transfer under M.G.L. § 109A, *et seq.,* in that Donald did not receive reasonably equivalent value for the 2006 Transfer and was insolvent at the time thereof.

Shortly thereafter, Judith filed the instant third party complaint (the "Third Party Complaint") against Attorney Hines and Morrison Rousseau alleging malpractice and breach of contract. Under the Third Party Complaint, Judith alleges that Donald told Attorney Hines explicitly that he wanted Judith and the Property unaffected by his bankruptcy case filing and that Attorney Hines provided him with the requested assurance. Judith also claims that Attorney Hines either failed to conduct a proper investigation into the state of the title of the Property or its history and/or failed to advise Donald that the Trustee might seek to avoid the 2006 Transfer and how to undertake a course of action to better defend against the Trustee's actions. Judith also alleges that Attorney Hines knew that Donald expected that Attorney Hines would represent Judith's legal interests as well as his own and that Attorney Hines either agreed or acquiesced to that representation.

II. <u>POSITIONS OF THE PARTIES</u>[1]

The Third Party Defendants argue that the Third Party Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[2] for failure to state a claim upon which relief can be granted. They maintain that because they never had an attorney-client relationship with Judith, they never owed her a duty of care.[3] Additionally, they argue that the Third Party Complaint is itself deficient, as Judith's allegations made upon "information and belief" fail to meet the heightened pleading standards set forth in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

Judith opposes the Motion to Dismiss, arguing that, because all of her allegations must – in the face of a motion to dismiss – be assumed true, she makes plausible claims upon which relief can be granted. Judith further insists that these facts can serve as a basis for a claim of negligent malpractice against Attorney Hines (and Morrison Rousseau under the doctrine of *respondeat superior)* because Attorney Hines knew that Judith would rely on her services and representations to Donald. Judith also argues that she was an intended third party beneficiary of the contract between Attorney Hines and Donald, a critical component of which was that Judith's interests would not be impacted by Donald's bankruptcy case filing.

---

[1] The Trustee has taken no position with respect to the Third Party Complaint.

[2] Federal Rule of Civil Procedure 12(b)(6) applies to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure Rule 7012(b)(6).

[3] The Third Party Defendants concede that attorneys may in certain circumstances owe a duty of care to persons other than their clients, but contend that no such exception is applicable in this case.

4

III.   DISCUSSION

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). And, like all federal courts, this Court has the responsibility to examine its jurisdiction regardless of whether the question is raised independently by the parties. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (collecting prior Supreme Court cases); Great S. Fire Proof Hotel Co. v. Benjamin F. Jones, 177 U.S. 449, 453 (1900) (stating that in "cases where such jurisdiction does not affirmatively appear in the record . . . [the question of jurisdiction is one] the court is bound to ask and answer for itself, even when not otherwise suggested"); Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) (stating "the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction."). It is even of no consequence that the parties explicitly or implicitly consent to this Court's jurisdiction if it otherwise has none. Mitchell v. Maurer, 293 U.S. 237, 244 (1934) ("[u]nlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.").

The jurisdiction of the bankruptcy courts is derived from 28 U.S.C. § 1334 and 28 U.S.C. § 157. Celotex Corp., 514 U.S. at 307; In re Deceder, 351 B.R. 261, 265 (Bankr. D. Mass. 2006). Section 1334 delineates the United States district courts' jurisdiction over "bankruptcy cases and proceedings." Section 1334 reads, in relevant part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> . . .

28 U.S.C. § 1334 (2006).

And pursuant to § 157, the district courts may "refer" bankruptcy cases "to the bankruptcy judges for the district." 28 U.S.C. § 157 (2006).[4] The subject matter jurisdiction of the bankruptcy court is no larger than that of the district court. Indeed, § 157 also provides in relevant part:

> . . .
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> . . .
>
> (c)(1) A bankruptcy judge *may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11*. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
>
> . . .

28 U.S.C. § 157 (2006) (emphasis added).

---

[4] United States District Court for the District of Massachusetts Local Rule 201 provides: "Pursuant to 28 U.S.C. § 157(a), any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts." LR, D. Mass. 201.

6

Judith's claims do not "arise under" Title 11 because they occurred prepetition and derive from state law, rather than under Title 11 of the United States Code and could be brought in the Massachusetts state courts.  For the same reason, Judith's claims do not "arise in" Donald's bankruptcy case.  See Boyajian v. DeLuca (In re Remington Dev. Grp., Inc.), 180 B.R. 365, 368 (Bankr. D.R.I. 1995).  All that remains, therefore, is the possibility that this Court's jurisdiction falls within the "related to" grant set out in § 1334(b).

Though the words "related to" suggest "a grant of some breadth," the Supreme Court has noted that "a bankruptcy court's 'related to' jurisdiction cannot be limitless." Celotex Corp., 514 U.S. at 307-08.  And the First Circuit has ruled that "related to" actions must:

> "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate."  In re Smith, 866 F.2d 576, 580 (3d Cir. 1989); 28 U.S.C. § 157(c).  "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted).

In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991).  See also Celotex Corp., 514 U.S. at 307, n.5 (stating "[p]roceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate."); In re Deceder, 351 B.R. at 266 (collecting cases).

To show "related to" jurisdiction, Judith must show an "impact upon the handling and administration of the bankrupt estate" or that the outcome of her claims "could

conceivably have any effect on the estate." In re G.S.F. Corp., 938 F.2d at 1475. Judith's claims against the Third Party Defendants, without question, are not property of Donald's bankruptcy estate. Any recovery thereon would go to Judith alone. No rights would be created for the benefit of the estate or would impact the claims against the estate. Accordingly, this Court has no "related to" jurisdiction, and the Third Party Complaint must be dismissed. Boyajian, 180 B.R. at 370.

IV.     CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction over the dispute between Judith and the Third Party Defendants. Accordingly, the Third Party Complaint will be DISMISSED.

A separate order consistent with this Memorandum will issue accordingly.

By the Court,

*[signature: Henry Jack Boroff]*

_____
Henry J. Boroff
United States Bankruptcy Judge

DATED:    January 14, 2011